Dear Constable Boissierre:
Your request for an Attorney General's opinion was forwarded to me for research and reply. Your question is whether deputy constables of the First City Court of the city of New Orleans (First City Court) are exempt from workers' compensation coverage.
A review of the Louisiana Workers' Compensation Act, La.R.S. 23:1021, et seq., reflects that a political subdivision (i.e., the city or the parish) is responsible in compensation for injuries suffered by its employees.[1] The existence of this employer-employee relationship is generally an essential requisite to any action arising under the Act.[2]
Although La.R.S. 23:1034 provides workers' compensation benefits to employees of political subdivisions, it excepts from coverage "an official of the state or a political subdivision thereof as defined by La.R.S. 42:1. Reference to La.R.S. 42:1 reflects that the terms "public office" and "public officer" are defined as follows:
 As used in this title, the term "public office" means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.
"Public officer" is any person holding a public office in this state.
The office of Constable of the First City Court is established by La.R.S. 13:2153.1. Pursuant to La.R.S. 13:2154, the Constable of the First City Court has the same powers and duties as provided by the applicable provisions of marshals of city courts *Page 2 
generally, which are provided in La.R.S. 13:1870, et. seq. In accordance with La.R.S. 13:1881 (B), the Constable of the First City Court may appoint deputy constables that possess the same qualifications as the constable to perform his duties. Therefore, the position of deputy constable is also authorized by statute.[3]
It is the opinion of this office that deputy constables of the First City Court are "public officers as defined under La.R.S. 42:1" as the office of deputy constable is established by the laws of this state. Deputy constables of the First City Court, in their capacity as "public officers," are exempt from workers' compensation coverage.
There are, however, two caveats to this exception. First, deputy constables who perform any law enforcement action outside their jurisdiction, but within the State of Louisiana, and who are injured, shall be entitled to receive workers' compensation benefits from their employing municipality.[4] Second, any political subdivision may provide workers' compensation coverage for its officials pursuant to La.R.S. 23:1034(C).
Deputy constables who are exempted from workers' compensation coverage and who are injured on the job must seek tort recovery. The liability for their job related injures is on any party whose fault caused the damages.[5]
Finally, for your further information, note that a political subdivision may, in its own discretion, provide workers' compensation coverage for its officials in addition to providing such coverage for its employees. This authority is found within the provisions of La.R.S. 23:1034(C).
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 Erin C. Day
 Assistant Attorney General
 JDC: ECD
[1] La.R.S. 23:1034(A).
[2] Lewis v. Bellow, 212 So.2d 540 (La.App. 1968);Warren v. Town of Winnfield, 38 So.2d 171 (La.App. 1949).
[3] La.R.S. 13:1881(B) provides in pertinent part, "[t]he marshal may appoint one or more deputy marshals having the same powers and authority as the marshal, but the marshal shall be responsible for their actions."
[4] La.R.S. 23:1034.1.
[5] See La.C.C. Art. 2315.